## Beach et al., Appellants, *v.* Dubifski et ux.

*Mortgages—Assignments—Failure to give notice—Evidence—Sufficiency.*

An order of the court, opening a judgment confessed on a bond accompanying a mortgage, will not be reversed, where the testimony in support of the rule was oral and the credibility of the witnesses was for the court below, and there was no proof of any abuse of discretion.

Argued March 2, 1925. Appeal No. 11, February T., 1925, by plaintiffs from judgment of C. P. Luzerne County, May T., 1923, No. 190, in the case of Harry M. Beach to the use of Sarah L. Benjamin and Harry M. Benjamin, Trustees of the Estate of David Benjamin, deceased, Sarah L. Benjamin and Harry M. Benjamin, Trustees, v. John Dubifski and Julia Dubifski. Before Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Rule to open judgment. Before Fuller, P. J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Plaintiffs appealed.

*Error assigned* was the decree of the court.

*John H. Bigelow,* and with him *Edward J. Gormley,* for appellants.

*Thomas F. Farrell,* and with him *James P. Costello* and *James P. Costello, Jr.,* for appellees.

Opinion by Porter, J., July 9, 1925:

The judgment in this case was entered by confession under a warrant contained in a bond. Beach, on December 10, 1918, had sold and conveyed to the defend-

ants a house and lot in the City of Hazleton, and the defendants had executed and delivered to Beach a mortgage upon the premises, accompanied by a judgment bond, to secure the balance of the purchase money. Beach the same day assigned the bond and mortgage to the use-plaintiffs in this case. The time for payment having elapsed, the use-plaintiffs, on August 3, 1922, made a demand upon the defendants for the payment of the mortgage with interest. Payment having been refused, the defendants asserting that they had paid to Beach, the original mortgagee, the sum of $1,938, the plaintiffs, on March 18, 1923, caused judgment to be confessed upon the bond for the whole amount of the debt, with interest. The defendants on April 6, 1923, presented a petition to the court to open the judgment, averring that no notice had been given them of the assignment of the bond and mortgage until August 3, 1922, and that in the meantime they had paid to Beach $1,938 on account of the debt for which the bond and mortgage had been given. The court granted a rule to show cause why the judgment shoud not be opened and the defendants let into a defense. The plaintiff filed an answer to the petition, depositions were taken by the parties, and the court, after a hearing, made absolute the rule to open the judgment, from which order we have this appeal.

The only question presented by this record is whether the order of the court, opening the judgment, involved an abuse of discretion. The defendants presented evidence which, if believed, clearly established that they had paid to Beach on account of the debt secured by the bond the sum of $1,938, and this testimony was not contradicted. Defendants testified positively that they had never received any notice of the assignment of the mortgage by Beach until after they had made said payments. The plaintiffs did not attempt to show that they had given any direct notice to the defendants individually. What they did attempt

was to produce evidence which indicated that the attorney employed by the defendants to examine the title had seen the assignment upon the bond, which evidence was oral. The assignment was not, at least at the time the attorney examined the title, of record. The testimony being oral, the credibility of the witnesses was for the court below and we find no reason for holding that the conclusion reached involved an abuse of discretion.

The order is affirmed and the record remitted for further proceedings.